**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **ISMAEL H. PADILLA, ID # 356764,** | ) | |
| **Petitioner,** | ) | |
| **vs.** | ) | **No. 3:14-CV-0295-N  (BH)** |
| | ) | |
| **WILLIAM STEPHENS, Director,** | ) | **Referred to U.S. Magistrate Judge** |
| **Texas Department of Criminal** | ) | |
| **Justice, Correctional Institutions Division,** | ) | |
| **Respondent.** | ) | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Pursuant to *Special Order 3-251*, this case has been automatically referred for findings, conclusions, and recommendation.  Based on the relevant filings and applicable law, this case should be transferred to the Fifth Circuit as a successive petition, and the petitioner should be warned that he will be monetarily sanctioned if he continues to file habeas petitions in this Court raising claims that were or could have been raised in previous habeas petitions.

**I.  BACKGROUND**

Ismael H. Padilla. (Petitioner), an inmate currently incarcerated in the Texas Department of Criminal Justice - Correctional Institutions Division (TDCJ-CID), filed a petition for habeas corpus relief pursuant to 28 U.S.C. § 2254.  The respondent is William Stephens, Director of TDCJ-CID. He asserts that: (1) he is illegally incarcerated because there is no evidence to support his convictions and he was coerced into pleading guilty; (2) he was returned to prison illegally when a parole revocation document was forged by parole officers; (3) the prison system has imposed false disciplinary cases against him to prevent him from being released on parole again; (4) and the denial of DNA testing at the state level has violated his constitutional rights. (Pet. at 6-7).  In his brief, Petitioner asserts that he is not challenging his convictions, only the denial of DNA testing.  He claims that when DNA testing was denied, the attorney appointed to represent him failed to argue

that he received ineffective assistance of counsel with respect to his two convictions, causing him additional involuntary servitude and slavery.  He seeks immediate release and monetary damages. (Brief at 1-4).

On May 3, 1983, Petitioner was convicted of aggravated robbery and rape in Cause Nos. F83-88766-UP and F82-90756-RP in Dallas County, Texas, and he was sentenced to fifty years and twenty years of imprisonment, respectively.  (Pet. at 2; *see also* www.tdcj.state.tx.us, search for petitioner).  Petitioner has filed numerous state writs of habeas corpus challenging these convictions and the denial of parole that have been denied on their merits by the Texas Court of Criminal Appeals.  *See Ex parte Padilla*, No. WR-20,423-01 (Tex. Crim. App. Sept. 13, 1989); *Ex parte Padilla*, No. WR-20,423-02 (Tex. Crim. App. Oct. 8, 2000); *Ex parte Padilla*, No. WR-20,423-03 (Tex. Crim. App. Oct. 18, 2000); *Ex parte Padilla*, WR-20,423-12 (Tex. Crim. App. Oct. 26, 2011); *Ex parte Padilla*, WR-20,423-14 (Tex. Crim. App. Feb. 29, 2012); *Ex parte Padilla*, WR-20,423-17 (Tex. Crim. App. Apr. 17, 2013); *Ex parte Padilla*, WR-20,423-19 (Tex. Crim. App. May 22, 2013). Petitioner also filed subsequent state writs challenging his  convictions and the denial of parole that were dismissed as abuses of the writ.  *See Ex parte Padilla*, No. WR-20,423-04 (Tex. Crim. App. Jan. 24, 2001); *Ex parte Padilla*, No. WR-20,423-13 (Tex. Crim. App. Jan. 18, 2012).  Another three state writs challenging his rape conviction were dismissed by the Court of Criminal Appeals because the sentence has been discharged.  *See Ex parte Padilla*, No. WR-20,423-15 (Tex. Crim. App. Feb. 29, 2012); *Ex parte Padilla*, WR-20,423-16 (Tex. Crim. App. Apr. 17, 2013); *Ex parte Padilla*, WR-20,423-18 (Tex. Crim. App. May 22, 2013).  Petitioner has also filed multiple federal habeas petitions challenging his convictions and the denial of parole that were either denied on their merits, denied as time barred, or dismissed or transferred to the Fifth Circuit as successive petitions.  *See*

*Padilla v. Johnson*, No. 3:90-cv-1359-D (N.D. Tex. Oct. 24, 1991); *Padilla v. Thaler*, No. 3:12-cv-485-L (N.D. Tex. Mar. 16, 2012); *Padilla v. Thaler*, No. 3:12-cv-2160-M (N.D. Tex. June 10, 2013); *Padilla v. Thaler*, No. 3:13-cv-1855-N (N.D.Tex.  June 28, 2013); *Padilla v. Stephens*, No. 3:13-cv-2273-N (N.D. Tex. July 24, 2013); *Padilla v. Thaler*, No. 3:13-cv-1702-M (N.D.Tex. Nov. 12, 2013).  He has also filed a federal petition challenging the time credits he has received after his parole was revoked in 2002 the denial of parole, that was denied as barred by the statute of limitations.  *See Padilla v. Reescano*, No. 3:12-cv-0884-D (N.D. Tex. Apr. 29, 2013).  Due to the number of frivolous civil rights cases he has filed, he is also barred by the three-strike provision of 28 U.S.C. § 1915(g) from filing any further *in forma pauperis* civil actions.  *See Padilla v. Pride-Richardson*, No. 12-10467 (5th Cir. May 3, 2013).  Because of his numerous federal habeas petitions and frivolous civil cases, Petitioner has been warned by this Court and by the Fifth Circuit that the continued submission of repetitious successive habeas petitions may result in sanctions, up to and including monetary sanctions.  *See In re Padilla*, No. 13-10674 (5th Cir. Sept. 24, 2013); *Padilla v. Stephens*, No. 3:13-cv-2273, doc. 9.

## II.  JURISDICTION

"Federal courts are courts of limited jurisdiction.  They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree."  *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted).  They "must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum."  *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001).  They have "a continuing obligation to examine the basis for jurisdiction."  *See MCG, Inc. v. Great W. Energy Corp.*, 896 F.2d 170, 173 (5th Cir. 1990).

A district court cannot exercise jurisdiction over a second or successive § 2254 petition without authorization from the court of appeals.  *See* 28 U.S.C. § 2244(b); *Crone v. Cockrell*, 324 F.3d 833, 836 (5th Cir. 2003).  A petition is successive if it raises a claim that was or could have been raised in an earlier petition or otherwise constitutes an abuse of the writ.  *Hardemon v. Quarterman*, 516 F.3d 272, 275 (5th Cir. 2008); *Crone*, 324 F.3d at 836-37.  If it essentially represents a second attack on the same conviction raised in the earlier petition, a petition is successive. *Hardemon*, 516 F.3d at 275-76 (distinguishing *Crone* because "*Crone* involved multiple § 2254 petitions attacking a single judgment").[1]  A second petition is not successive if the prior petition was dismissed due to prematurity or for lack of exhaustion, however.  *See Slack v. McDaniel*, 529 U.S. 473, 487 (2000) (declining to construe an application as second or successive when it followed a previous dismissal due to a failure to exhaust state remedies); *Stewart v. Martinez-Villareal*, 523 U.S. 637, 643-46 (1998) (declining to construe an application as second or successive when it followed a previous dismissal due to prematurity, and noting the similarities of such dismissal to one based upon a failure to exhaust state remedies).  Otherwise, "dismissal of a first habeas petition for technical procedural reasons would bar the prisoner from ever obtaining federal habeas review." *Stewart*, 523 U.S. at 645.

Here, while he asserts otherwise, Petitioner is challenging the same convictions and custody he challenged in numerous previous federal petitions.  This Court has previously denied federal petitions challenging his convictions, the denial of parole, and the credits he received when his parole was revoked. He claims he is challenging the state court's denial of DNA testing, but he does

---

[1] Although *Crone* involved a challenge to petitioner's holding judgment of conviction followed by a challenge to post-conviction and post-sentence administrative actions that stripped him of good-time credits, *Hardemon* considered both challenges to be against "the same conviction".

so by challenging his underlying convictions.  Under *Hardemon* and *Crone*, he was required to present all available claims in earlier petitions.  A claim is available when it "could have been raised had the petitioner exercised due diligence." *Leonard v. Dretke*, No. 3:02-CV-0578-H, 2004 WL 741286, at *3 (N.D. Tex. Apr. 5, 2004) (recommendation of Mag. J.), *adopted by* 2004 WL 884578 (N.D. Tex. Apr. 20, 2004).  The crucial question in determining availability is whether Petitioner knew or should have known through the exercise of due diligence the facts necessary to his current claims when he filed his prior federal petition challenging the same conviction challenged in this case.  Petitioner's federal petition is successive because it raises claims concerning his convictions, the denial of parole, and his parole revocation that either were or could have been raised in his prior federal petitions.

When a petition is second or successive, the petitioner must seek an order from the Fifth Circuit Court of Appeals that authorizes this Court to consider the petition.  *See* 28 U.S.C. § 2244(b)(3)(A).  The Fifth Circuit "may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of [§ 2244(b)]." *Id.* § 2244(b)(3)(C).  To present a claim in a second or successive application that was not presented in a prior application, the application must show that it is based on (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found him guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.  *Id.* § 2244(b)(2).  A three-judge panel of the Fifth Circuit Court of Appeals must determine whether the application makes the requisite prima facie showing.  *See* § 2244(b)(3)(A) and (B).

Because the Fifth Circuit has not authorized consideration of this successive application for habeas relief, this Court lacks jurisdiction over this action.[2]

## III. RECOMMENDATION

The petition for writ of habeas corpus filed under 28 U.S.C. § 2254 should be **TRANSFERRED** to the United States Court of Appeals for the Fifth Circuit pursuant to *Henderson v. Haro*, 282 F.3d 862, 864 (5th Cir. 2002) and *In re Epps*, 127 F.3d 364, 365 (5th Cir. 1997). Petitioner should be warned that he will be monetarily sanctioned if he continues to file habeas petitions in this Court raising claims that were or could have been raised in previous habeas petitions without first seeking permission from the Fifth Circuit.

**SIGNED this 21st day of February, 2014.**

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

---

[2] Petitioner also states that he is seeking monetary damages. Courts may only consider federal habeas petitions brought under 28 U.S.C. § 2254 on grounds that the petitioner is in custody in violation of the Constitution or federal laws. *See* 28 U.S.C. § 2254(a); *Preiser v. Rodriguez*, 411 U.S. 475, 484-87 (1973). Therefore, civil claims seeking monetary damages will not be addressed here. However, as noted earlier, petitioner is 3-strikes barred from proceeding IFP in any civil case. Therefore, should he wish to file a civil case seeking monetary damages, he must pay the full $400 filing fee.

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

   A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).


                      _____
                       IRMA CARRILLO RAMIREZ
                       UNITED STATES MAGISTRATE JUDGE